UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY SPAWR,

      Plaintiff,

                                File No.  1:08-CV-614

v.

                                HON. ROBERT HOLMES BELL

ENCOMPASS INSURANCE COMPANY,

      Defendant.

                                    /

**O P I N I O N**

This matter is before the Court on Plaintiff's motion to remand. (Dkt. No. 10.) Defendant opposes the motion. For the reasons that follow the Court will grant the motion to remand.

**I.**

Plaintiff Nancy Spawr was in a motor vehicle accident on March 13, 1997, as a result of which she was rendered a paraplegic. Plaintiff has received no-fault benefits for care and treatment related to the injuries she sustained in the accident. Plaintiff filed this case in the Circuit Court for the County of Eaton, State of Michigan, against Defendant Encompass Insurance Company ("Encompass") seeking an increase in the hourly rate for ongoing attendant care as well as reimbursement for medical expenses. (Dkt. No. 1, Notice of Removal, Ex. B, Compl.). Defendant removed the case to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the basis of diversity of citizenship. Plaintiff has moved

to remand the case pursuant to 28 U.S.C. § 1447 because she contends that the amount in controversy was not satisfied at the time of removal.

"To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (quoting *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005)). "In gauging the amount in controversy, courts view the claims from the vantage point of the time of removal." *Id.* at 822. "A defendant wishing to remove a case bears the burden of satisfying the amount-in-controversy requirement." *Id.* (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)). Normally, the amount in controversy is established by the sum claimed by the plaintiff, but when the plaintiff seeks "'some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000." *Id.* (citing *Gafford*, 997 F.2d at 158).

Plaintiff's complaint requests judgment in excess of $25,000.00, plus interest, costs and attorney fees. The parties agree that Plaintiff's claim is limited by the one-year back rule for personal protection benefits. Mich. Comp. Laws Ann. § 500.3145. Plaintiff contends that the amount in controversy at the time of removal consisted of some minor medical expense claims and an increase in the hourly rate for her attendant/nursing care for the period of time commencing April 22, 2007 (one year prior to the filing of the lawsuit) until June 26,

2

2008, (the date the case was removed). Plaintiff contends that it is highly unlikely that she will be able to show damages in excess of $75,000 for this time period. In addition, Plaintiff "agrees and offers to stipulate that she will not claim or accept a judgment for damages in excess of $75,000.00 for the period of time beginning one year before the lawsuit was filed in state court through the date the Defendant filed the Notice of Removal." (Pl.'s Mot. to Remand ¶ 6).

Plaintiff's offer to stipulate is not sufficient to resolve her motion to remand. Because the Court is required to consider jurisdiction as of the time of removal, "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 872 (6th Cir. 2000). The burden, however, is on Defendant, as the removing party, rather than Plaintiff, to establish the requisite amount in controversy. Plaintiff will require attendant care twenty-four hours a day, seven days a week, for the remainder of her life. Accordingly, both parties agree that the potential value of Plaintiff's claim going forward may exceed $75,000. Defendant contends that these future damages can be considered in determining whether the amount in controversy has been met.

In *Massachusetts Casualty Insurance Co. v. Harmon*, 88 F.3d 415 (6th Cir. 1996), the Sixth Circuit considered the issue of when future potential insurance benefits may be considered in determining the amount in controversy:

> The clear federal rule is that "where the validity of an insurance policy containing disability benefit provisions is involved in a diversity action in a

> federal district court, future potential benefits may be considered in computing the requisite jurisdictional amount." . . . . In contrast, "future potential benefits may not be taken into consideration in the computation of the amount in controversy in diversity actions in Federal District Courts involving disability insurance where the controversy concerns merely the extent of the insurer's obligation with respect to disability benefits and not the validity of the policy."

*Id.* at 416-17 (quoting Joseph E. Edwards, Annotation, *Determination of Requisite Amount in Controversy in Diversity Action in Federal District Court Involving Liability Under, or Validity of, Disability Insurance*, 11 A.L.R. Fed. 120, 128, 132 (1972) (collecting cases)). *See also Heppinstall v. Time Ins. Co.*, No. 1:07-CV-564, 2007 WL 2713729 (W.D. Mich. Sept. 18, 2007) (Quist, J.) (holding that because resolution of the disputed benefits would not affect the validity of the policy, under *Harmon* the Court should not consider future potential benefits in computing the amount in controversy).

This Court is bound by the Sixth Circuit's opinion in *Harmon* unless it can be distinguished. Defendant has not addressed *Harmon* or *Heppinstall*. Instead, Defendant cites *Herring v. State Farm Mutual Automobile Insurance Co.*, No. 05-CV-73556, 2005 WL 3071902 (E.D. Mich. Nov. 16, 2005), in support of the proposition that federal courts have held that, given the continuous and forward-looking nature of no-fault benefits, the amount in controversy may be met by including future damages. In *Herring* the court held that the jurisdictional amount was met where the plaintiff's declaratory claim for all future damages "will likely cause the total damages to exceed the $75,000.00 jurisdictional requirement of 28 U.S.C. § 1332(a)." *Id.* at *2.

4

*Herring* does not distinguish *Harmon*. In fact, *Herring* does not reference *Harmon* at all. *Herring* has not been followed by other courts on the issue of calculating the amount in controversy, and this Court does not find *Herring* persuasive on this issue. Plaintiff's complaint challenges the extent of the insurer's obligation under the policy rather than the validity of the policy. *Harmon* provides that under these circumstances potential future benefits may not be taken into consideration in calculating the amount in controversy. Accordingly, the Court rejects Defendant's contention that future benefits should be considered.

Defendant contends, in the alternative, that even if future benefits are not considered, the requisite amount in controversy has still been met. Defendant contends that Plaintiff's claim would exceed $75,000 as of the current date if she obtains an increase of $6.69 in the hourly rate for attendant care.

Defendant's argument is not sufficient to meet its burden of showing that the amount in controversy has been met. First, the relevant date for calculating the amount in controversy is the date of removal rather than the current date used by Defendant. Second, and more importantly, Defendant has not provided any evidence to assist the Court in determining the likelihood that Plaintiff will be able to obtain any increase of $6.69 in the hourly rate for an attendant from the current rate of $12.50 per hour.

As yet a third alternative, Defendant contends that the amount in controversy can be met based upon an increase in the hourly rate together with interest and attorney's fees. "As

a general rule, attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees." *Williamson v. Aetna Life Ins. Co.,* 481 F.3d 369, 376 (6th Cir. 2007) (citing *Clark v. Nat. Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975). The Michigan no-fault act provides for interest on overdue payments, Mich. Comp. Laws Ann. § 500.3142(3), and for attorney's fees "if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment." Mich. Comp. Laws Ann. § 500.3148(1). In this case Plaintiff has alleged in her complaint that Defendant has "unreasonably refused to pay or has unreasonably delayed in making proper payments of no-fault benefits to Plaintiff contrary to MCLA 500.3148, for which an attorney fee may be sought." (Compl. ¶ 10.)

Even if the Court assumes that the amount in controversy includes interest and attorney's fees, Defendant has not met its burden of proving that the amount in controversy for benefits owed as of the date of removal, together with interest and attorney's fees, "more likely than not" exceeds $75,000. *See Everett*, 460 F.3d at 822. Accordingly, Plaintiff's motion to remand will be granted.

An order consistent with this opinion will be entered.

Date:   October 2, 2008            /s/ Robert Holmes Bell
                                   ROBERT HOLMES BELL
                                   UNITED STATES DISTRICT JUDGE